UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - X

ROSELAURE JEUDY,

                Plaintiff,

                                       ORDER

     - against -

                                       CV 2008-1762 (DGT)(MDG)

DANIEL T. O'LEARY and UNITED STATES OF
AMERICA,

                Defendants.

- - - - - - - - - - - - - - - - - - - X

     Plaintiff in this action seeks damages for personal injuries and property damage sustained in an accident occurrng on January 31, 2006. By letter dated March 24, 2009 (ct. doc. 13), Assistant United States Attorney Scott Landau, counsel for defendant United States, moves to compel the plaintiff to produce certain discovery. After reviewing the motion and plaintiff's opposition (ct. docs. 15, 16), the motion is granted to the extent that follows.

## DISCUSSION

     As a preliminary matter, I note that Rule 26(b)(1) of the Federal Rules of Civil Procedure permits parties to conduct broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

<u>Records of Prior Medical Treatment</u>

     The United States seeks identification of health care professionals who provided treatment to plaintiff since January 1, 2000 in order to obtain records to ascertain whether Ms. Jeudy

"suffers from any pre-existing or related conditions." Ct. doc. 13 at 2. Plaintiff objects, claiming that she has disclosed all the treatment for her neck, back and left, which are the injuries she claimed she sustained in the accident giving rise to this case, and that she has testified she had no prior treatment for these parts of her body. Ct. doc. 15 at 1-3.

Clearly, no litigant is required to accept an adversary's factual contentions concerning injuries, damages or any other issue in a case. I also find that the discovery sought "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). While I have no reason to doubt plaintiff's counsel's assertion that his client has provided information regarding her post accident treatment, her prior medical condition may have bearing on the extent of the injuries she claims she sustained and whether she had a pre-existing condition. Crawford v. Manion, No. 96 Civ. 1236, 1997 WL 148066 at *1 (S.D.N.Y. Mar. 31, 1997). Cf. Cuoco v. U.S. Bureau of Prisons, 98 Civ. 9009, 2003 WL 1618530, at *3 (S.D.N.Y. Mar. 27, 2003) (permitting discovery to ascertain whether plaintiff's distress was caused by other circumstances); Evanko v. Elec. Sys. Assocs., Inc., No. 91 Civ. 2851, 1993 WL 14458, at *2 (S.D.N.Y. Jan. 8, 1993) (noting that "gynecological problems" may affect plaintiff's emotional state).

However, I find that the time period for the medical information sought by the United States is too long. Since the

accident occurred in early 2006, the interrogatory responses are limited to treatment from January 1, 2001, five years before the accident. In order to facilitate completion of discovery, plaintiff should also provide appropriate releases for records of these providers.

Authorizations for Treatment by Dr. Joseph Stefan

The United States also seeks an authorization for release of records for treatment given by Dr. Joseph Stefan. Plaintiff objects because she claims that she has already provided an authorization for the Queens Village Medical Care, P.C. where Dr. Stefan practices. Since there is no dispute over the relevance of the records sought, this Court finds it is not unduly burdensome for plaintiff to provide the authorization sought to insure that all pertinent records are obtained.

Vehicle Maintenance Records

Lastly, the United States seeks maintenance records for plaintiff's vehicle. Again, plaintiff insists that her testimony negates the need for such records. See ct. doc. 15 at 4-5. Clearly the government is entitled to review independent records to confirm the accuracy of plaintiff's claims.

**CONCLUSION**

For the foregoing reasons, the motion to compel is granted. Plaintiff must supplement her discovery responses and provide the

-3-

authorizations by April 22, 2009. An extension of the scheduling order will be discussed at the next schedule telephone conference on May 1, 2009.

**SO ORDERED.**

Dated:   Brooklyn, New York
         April 3, 2009

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE